## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GODINGER SILVER ART LTD. | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| THE WINSFORD COMPANY, LLC, | ) | |
| THE WINSFORD CORPORATION, | ) | |
| and FORBES INDUSTRIES, INC. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Godinger Silver Art Ltd. ("Godinger" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against The Winsford Corporation, ("Winsford Corp."), The Winsford Company, LLC, ("Winsford") and Forbes Industries, Inc. ("Forbes") (collectively, "Defendants") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity, unfair competition and false designation of origin of Defendants' trademarks arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. §§ 1052 and 1125, *et seq.,* and common law, cancellation under 15 U.S.C. §§ 1064 and 1119, deceptive trade practices under New York General Business Law § 349 and New York General Business Law § 368(d), cancellation and invalidation of California Trademark Registration No. 90,138, for tortious interference with prospective

economic advantage by Defendants, as well as related claims under the statutory and common laws of the State of New York.

2.  Defendants, in an apparent attempt to monopolize luggage carts, have conducted an aggressive enforcement program by harassing and bullying businesses into submission, preventing lawful sales of unrelated products across numerous retailers.

3.  As discussed in more detail below, Defendants have threatened litigation, and even alluded to their apparent power to coerce "state and city attorneys" to bring action on their behalf, in an attempt to evoke fear in the minds of the Plaintiff. Defendants have demanded Plaintiff cease all sales of their bar cart products (the "Bar Carts"), while failing to provide even a cursory analysis of purported infringement.

4.  Plaintiff has thus been forced to file this action to vindicate its rights to sell its Bar Carts.

**PARTIES**

5.  Plaintiff is a New York corporation with a place of business at 63-15 Traffic Avenue, Ridgewood, New York 11385. Plaintiff specializes in handcrafted silver, pewter, crystal and gift items, focusing on showcase pieces of craftsmanship.

6.  Upon information and belief, Defendant Winsford is a Delaware limited liability company with a principal place of business at 1933 East Locust Street, Ontario, California 91761.

7.  Upon information and belief, Defendants Winsford Corp. and Forbes are California corporations with principal places of business at 1933 East Locust Street, Ontario, California 91761.

8.

3

## **JURISDICTION AND VENUE**

9.    This action arises under the Declaratory Judgment Act, 28 U.S.C § 2201 and 2202, Federal Rule of Civil Procedure 57, the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), , due to Defendants' assertions of trademark infringement of U.S. Trademark Registration Nos. 1682820, 5964551, 5999571 and California Trademark Registration No. 90138 (collectively, along with any common law rights Defendants may assert, the "Asserted Marks") against Plaintiff for. A copy of each registration is attached hereto as Exhibit A.

10.    Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment) 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. § 1121(a) (trademark jurisdiction), 28 § U.S.C. 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

11.    This court has jurisdiction over the claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

12.    This Court also has personal jurisdiction over Defendants because, upon information and belief, Defendants maintain continuous and systematic contacts within the state, derives substantial revenue from the state, and have committed acts giving rise to this action within New York and within this District, including, *inter alia*, accusing Plaintiff of trademark infringement and related claims by directing a letter to Plaintiff in this District, and alleging, due to Plaintiff's headquarters within this District, that such alleged infringement took place within the District.

13.    The exercise of personal jurisdiction comports with Defendants' right to due process, because they have purposefully availed themselves of the privilege of

conducting activities nationally, including within the Eastern District of New York, such that they should reasonably anticipate being hailed into court here.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District.  Moreover, Defendants have directed their enforcement activities at the Plaintiff in this District, and a substantial part of the events giving rise to the claim occurred in this District.


## **EXISTENCE OF AN ACTUAL CONTROVERSY**

15.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

16.     On August 10, 2020, Defendants filed a series of complaints for trademark infringement of some of the Accused Marks against certain listings by P&W Gifts LLC, a re-seller of Plaintiff's Bar Cart products on Amazon.com.  Shortly thereafter, Defendants filed similar complaints with various retailers and e-commerce sites, including Wayfair, Macy's and others (collectively, along with Amazon.com, the "Third-Party Platforms").  On August 24, 2020, Defendants sent a letter, attached hereto as Exhibit B, asserting claims of trademark infringement, and demanding that Plaintiff cease all sales of its Bar Cart products.

17.     Plaintiff denies that it infringes any of the Asserted Marks and believes the Asserted Marks are invalid and subject to cancellation.

18.     Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff's Bar Carts infringe the Asserted Marks, and whether the Asserted Marks are invalid and therefore subject to cancellation.

19.     Absent a declaration of non-infringement and/or invalidity and cancellation, Defendants will continue to wrongfully allege that Plaintiff's Bar Carts infringe the Asserted Marks, thereby causing irreparable injury and damage to Plaintiff.

20.     Absent such a declaration, Defendants will continue to interfere with Plaintiff's long-standing reputable business relationships, resulting in irreparable harm to Plaintiff's reputation with its business partners, and impeding Plaintiff's lawful sales of not only its Bar Cart products, but also putting its other product sales in jeopardy based on its baseless, bad faith infringement allegations.

## DEFENDANTS' BAD FAITH ASSERTIONS OF THE ASSERTED MARKS

21.     As discussed above, Defendants communicated with the Third-Party Platforms alleging that Plaintiff's Bar Carts infringe the Asserted Marks.

22.     Defendants' allegations were in bad faith. At the time of making the allegations to the Third-Party Platforms, Defendants were aware that Plaintiff's Bar Carts do not infringe the Asserted Marks.  At the time of making the allegations to the Third-Party Platforms, Defendants were aware that the Asserted Marks are invalid and subject to cancellation at least due to their functionality, non-use, and fraud, as discussed in further detail below.

## COUNT I: DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED MARKS UNDER THE LANHAM ACT

23.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

24.    Defendants claim that the use of the Bar Cart products constitute trademark infringement and causes confusion and, under threat of litigation, demands that Plaintiff cease all sales of its Bar Cart products.

25.    Plaintiff's Bar Cart products do not cause a likelihood of confusion with the Asserted Marks.

Defendants' Asserted Marks

26.    Defendants' Asserted Marks correspond to representations of the upper portion of a luggage cart. An example, from Reg. No. 5,964,551 (the "'551 Registration") is shown below:



27.    As described in the '551 Registration, "the mark consists of a…configuration of an upper portion of a **luggage cart**." (emphasis added).

Plaintiff's Accused Bar Carts

28.    Plaintiff's Bar Cart products include the following:



29.    As discussed in further detail below, Plaintiff's Bar Cart products do not infringe Defendants' Asserted Marks.

30.    Defendants' Asserted Marks are not strong or well-known.

31.    Defendants' Asserted Marks and Plaintiff's Bar Carts are not confusingly similar.  For example, Plaintiff's central portion is thick and circular, whereas the portion illustrated in Defendant's Asserted Marks is thinner and rectangular or square in shape.  A side-by-side comparison is shown below:



Plaintiff                                                Defendants

32.    When evaluating Defendants' Asserted Marks as a whole compared to Plaintiff's Bar Carts, a litany of differences are present. For example, Plaintiff's Bar Carts

include multiple kitchen utensils hanging from a bar, as well as members to store wine or liquor bottles. At least some of the Bar Carts include glass shelves, which are certainly not found in the Asserted Marks, due to their use for carrying bulky, heavy luggage that would surely break such glass shelves. An illustration of features not found in, and therefore distinguishable from, Defendants' Asserted Marks, are shown below:



Glass shelves          Delicate shelving          Bartender Tools

Wine bottle storage        Wine bottle storage       Thin, delicate wheels

33.     Plaintiff's Bar Carts and the goods corresponding to Defendants' Asserted Marks are not in competitive proximity to one another. Defendants' goods in the Asserted Marks are directed toward luggage carts, and are found in class 12.  The Bar Carts, on the other hand, are directed toward bar carts, found in class 20, and is defined by the USPTO as "a small table on wheels that is outfitted for serving drinks."  The Asserted Marks cover goods that are used by high-end hoteliers to transport bulky and heavy luggage for its guests, such as suitcases, whereas the Bar Carts are a novelty item that is used to entertain

guests in a home. Indeed, if one were to try to use the Bar Carts for moving luggage, they would fail, and break.

34. The channels of trade utilized by Plaintiff and Defendants are wholly different, and not in any way overlapping. Whereas Defendants market their goods directly to commercial customers, such as major hotel chains and boutique hotels, and their dedicated corporate purchasing departments, Plaintiff sells its Bar Carts direct to consumers, for use in a residential setting. Thus, while purchasers of Plaintiff's Bar Carts may find them on retail e-commerce sites such as Amazon.com or brick and mortar retailers, Defendants purchasers use Defendants' catalogs. Finally, Defendants' customers often make repeat purchases, either for other properties in their hotel chain, or multiple ones for the same location. Plaintiff, on the other hand, caters to individuals making one-off purchases.

35. Defendants have not given any indication, and indeed has affirmed, that it intends to focus on luggage carts, and has no intention to sell Bar Carts.

36. No evidence of actual confusion exists.

37. Both Plaintiff's and Defendant's goods are expensive and would not be considered "impulse" purchases. Defendants' luggage carts cost several thousand dollars and Plaintiff's Bar Carts cost several hundred dollars. Thus, a purchaser will not be subject to a likelihood of confusion.

38. Plaintiff's and Defendants' consumers are both sophisticated, and likely to consider, in detail, their purchase. Therefore, the likelihood of confusion, to the extent it exists otherwise, is reduced. Plaintiff's consumers often ponder their purchase, due to its cost, and the goal to use it as a focal point piece of furniture. Defendants' consumers, in

their role as professional purchasing agents for hotels, and due to the high cost of Defendants' products, are of a high level of sophistication.

39.     For at least the above reasons, Plaintiff is entitled to a judgment declaring that it does not infringe, and has not infringed, the Asserted Marks, and that no likelihood of confusion exists.


## COUNT II: DECLARATION OF INVALIDITY AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NOS. 1682820, 5964551, AND 5999571 AS BEING FUNCTIONAL

40.     Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

41.     Registration Nos. 1682820, 5964551 and 5999571 should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119 because each comprises matter that, as a whole, is functional under 15 U.S.C. § 1052(e)(5).

42.     Any common law marks that Defendants may purport to own in the Asserted Marks should be declared to be invalid as functional as well.

43.     Defendant Winsford is listed in the records of the United States Patent and Trademark Office ("USPTO") as the owner of the Asserted Marks.

44.     Defendant Winsford argued to the USPTO in prosecution of Reg. No. 5964551 that "there are readily available alternative designs for the upper portion" of the luggage cart.  Such a feature is not relevant to the inquiry of functionality.  Thus, the design of the Asserted Marks is functional.

45.     Defendants design provides utilitarian advantage.  For example, the hanging bar provides the ability to hang clothing such as suits and dresses.  Moreover, the

convergence and connection of the four upper posts makes it easier to push or pull the luggage cart, since they are often laden with heavy luggage. In contrast, luggage carts that would not have connected posts would not move as readily.

46. Thus, the Asserted Marks are functional in their design.

47. For at least the above reasons, the Asserted Marks should be declared invalid and canceled pursuant to 15 U.S.C. §§ 1064 and 1119, because each comprises matter that, as a whole, is functional.

## COUNT III: DECLARATION OF INVALIDITY AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NOS. 1682820, 5964551, AND 5999571 DUE TO NON-USE

48. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

49. Registration Nos. 1682820, 5964551 and 5999571 should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119 due to non-use.

50. Any common law marks that Defendants may purport to own in the Asserted Marks should be declared to be invalid due to non-use.

51. Defendants have failed to use the Asserted Marks as a source of origin.

52. For at least the above reasons, the Asserted Marks should be declared invalid and canceled pursuant to 15 U.S.C. §§ 1064 and 1119, because each is not in use as a trademark.

**COUNT IV: DECLARATION OF INVALIDITY AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NOS. 1682820, 5964551, AND 5999571 DUE TO FRAUD**

53.     Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

54.     Registration Nos. 1682820, 5964551 and 5999571 should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119 due to knowingly, and fraudulently, submitting false statements to the USPTO that the Asserted Marks are not functional. For example, Defendants' falsely argued in the prosecution of Registration No. 5964551 that "This design provides no real utilitarian advantages to the user." This statement was false and Defendants were aware of its falsity at the time they made the statements. Indeed, contrary to their misrepresentation to the USPTO, Defendants identify at least the following utilitarian advantages on their website (http://www.forbesindustries.com/wp-content/uploads/PDF-Media/Hospitality_Catalog_Vol_3_2019.pdf), shown below and attached hereto as Exhibit C:



Most parts for birdcage carts are designed to be replaceable

Solid Brass or Stainless Steel screws incorporate semipermanent Loctite to secure components and hardware

Welded retaining fingers secure hanging items

Heavy duty hanger bar is constructed from extra thick gauge tube with reinforced welds that offer a high capacity hanger bar

Full wrap-around bumper adds complete perimeter protection

Thick gauge steel mounting plates secure casters and make replacement fast and easy

Reinforced Steel Deck is built with 1" square steel tube and sheet steel. Underside has powder-epoxy painted finish

LUGGAGE CARTS | FORBES INDUSTRIES    6

55.     Defendants' statements to the USPTO that the luggage cart does not include any utilitarian advantages, while at the same time listing the myriad advantages to its customers on its website clearly shows Defendants' intent to deceive the USPTO in procuring the registrations of the Asserted Marks.

56.     Thus, Defendant Winsford and its counsel intended to deceive the USPTO that the Asserted Marks are not functional, thereby avoiding refusals of the Asserted Marks by the USPTO.

57.     The USPTO relied on these statements in registration of the Asserted Marks, since the USPTO was not aware that the marks are functional.

58. By virtue of these circumstances, Defendant Winsford knowingly made material misrepresentations or omissions in procuring the Asserted Marks.

59. For at least the above reasons, the Asserted Marks should be declared invalid and, pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled based on Defendant Winsford's fraud on the USPTO.

## COUNT V: DECLARATION OF NO DILUTION OF U.S. TRADEMARK REGISTRATION NOS. 1682820, 5964551, AND 5999571

60. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

61. Based on the differences between the Bar Carts and the Asserted Marks, there is no dilution of Registration Nos. 1682820, 5964551 and 5999571.

62. The Asserted Marks are not famous.

63. The Asserted Marks are subject to cancellation.

64. For at least the above reasons, Plaintiff is entitled to a judgment declaring that the Bar Carts do not dilute the Asserted Marks.

## COUNT VI: DECLARATION OF NO FALSE DESIGNATION OF ORIGIN

65. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

66. Since Plaintiff's Bar Carts do not infringe the Asserted Marks, and fail to cause a likelihood of confusion with the Asserted Marks, Plaintiff's advertising, offering for sale, and sale of the Bar Carts do not constitute a false designation of origin.

67.     Plaintiff's Bar Carts do not cause confusion, mistake, or deceive affiliation, connection or association of Defendants with Plaintiff.

68.     Plaintiff's activities in advertising and sales do not attempt to profit from Defendants' reputation or goodwill, and do not cause consumers to believe that Plaintiff's goods have the same characteristics or qualities of Plaintiff's goods.

69.     Accordingly, Plaintiff is entitled to a judgment declaring that the Bar Carts do not cause a false designation of origination with Defendants' Asserted Marks.


## COUNT VII: DECLARATION OF NO FEDERAL OR STATE UNFAIR COMPETITION

70.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

71.     Plaintiff's use of the Bar Carts in commerce is unlikely to deceive consumers as to the origin, source, sponsorship, or affiliation of its Bar Cart products, and is unlikely to cause consumers to believe, contrary to fact, that Plaintiff's Bar Cart products are sold, authorized, endorsed, or sponsored by Defendants, or that Defendants' are in some way affiliated with or sponsored by Plaintiff, under federal law or California Business and Professions Code §§ 17200, *et seq*.

72.     Plaintiff's actions are unlikely to confuse or mislead customers, vendors and the general public.

73.     For at least these reasons, Plaintiff is entitled to a judgment declaring that the Bar Carts do not cause unfair competition with Defendants' Asserted Marks, whether under federal law or California Bus. & Prof. Code § 17203.

## COUNT VIII: DECLARATION OF NON-INFRINGEMENT OF CALIFORNIA REGISTERED TRADEMARK NO. 90,138

74.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

75.     For the reasons set forth above, Defendants' Asserted Marks are not infringed.

76.     Accordingly, Plaintiff is entitled to a judgment declaring that it does not infringe, and has not infringed, the California Reg. No. 90138, and that no likelihood of confusion exists under Cal. Bus. & Prof. Code §§ 12245, 14250.

## COUNT IX: DECLARATION OF INVALIDITY OF CALIFORNIA REGISTERED TRADEMARK NO. 90,138

77.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

78.     For the reasons set forth above, Defendants' Asserted Marks are invalid.

79.     Accordingly, Plaintiff is entitled to a judgment declaring California Reg. No. 90138 is invalid under Cal. Bus. & Prof. Code §§ 12245, 14250.

## COUNT X: DECLARATION OF NO COMMON LAW TRADEMARK INFRINGEMENT

80.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

81.     For the reasons set forth above, Plaintiff's Bar Carts do not cause a likelihood of confusion, mislead customers, or in any way infringe Defendants' Asserted Marks.

82.     Accordingly, Plaintiff is entitled to a judgment declaring that there is no common law trademark infringement of Defendants' Asserted Marks.

## COUNT XI: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

83.     Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

84.     Defendants baldly asserted the Asserted Marks, knowing that such marks are not infringed by Plaintiff, and are invalid.

85.     Asserting trademarks that Defendants know are invalid is bad faith. Asserting trademarks that Defendants know were obtained fraudulently is bad faith. Asserted trademarks known to not be infringed is bad faith.

86.     Due at least to offering its products for sale on numerous e-commerce platforms including the Third-Party Platforms, as well as to retail brick and mortar establishments, including the Bar Carts, Plaintiff is a party to a valid contract granting it rights to sell the Bar Carton such Third-Party Platforms and to retailers. Plaintiff continues to develop its economic relationship with their sales channels, and intends to continue selling on the platforms and through their sales channels. Plaintiff further has reasonable expectations of entering into future contracts with its retailers and Third-Party Platforms.

87. Defendants, as part of a large company, possess full knowledge of Plaintiff's reasonable expectation of entering into future contracts with its sales partners to continue selling products.

88. Defendants communications with the Third Party Platforms, including its baseless infringement allegations against Plaintiff, were solely out of malice, and used dishonest, unfair and improper means. Even a cursory review of the Asserted Marks would lead one to the conclusion that Plaintiff does not infringe and that the Asserted Marks are invalid.

89. Defendants' communications with Plaintiff's partners were threats of litigation.

90. Defendants have contacted Plaintiff's partners to remove Plaintiff's product listings, intentionally attempting to cause disruption and/or termination the relationship between Plaintiff and its partners, and ultimately resulting in the listings for the Bar Carts being removed from various sites prior to the filing of this complaint.

91. Due to Defendants' acts, Plaintiff's relationships with its partners are at risk. In some instances, Plaintiff's partners have already removed Plaintiff's ability to sell certain products, such as the Bar Cart.

92. Plaintiff's relationship with its partners has been permanently tarnished due to Defendants' infringement allegations. Moreover, Plaintiff has new and existing customers, who shop for Plaintiff's goods, who can no longer purchase the Accused Product on their preferred platform of the Third-Party Platforms. These customers may choose to now otherwise make purchases from other vendors, to the detriment of Plaintiff.

93.     Plaintiff has suffered and will continue to suffer damages due to Defendants' tortious interference with its prospective economic advantage.

94.     Plaintiff has suffered and will continue to suffer irreparable harm due to Defendants' tortious interference with its prospective economic advantage.

## COUNT XII: TRADE LIBEL

95.     Plaintiff re-alleges and incorporates the allegations of all of the paragraphs in this complaint as if fully set forth herein.

96.     Defendants knowingly, and without justification, made (and/or caused to be made) materially false representations in writing to third parties, including to the Third-Party Platforms, by which Defendants falsely stated that Plaintiff infringed the Asserted Marks. Such statements are materially false.

97.     Defendants' statements were false in that, among other things, (a) Plaintiff did not have enforceable trademark rights in the Asserted Marks; and (b) Plaintiff's Bar Carts do not infringe the Asserted Marks.

98.     Defendants' materially false representations were calculated to impugn Plaintiff's business reputation and that of its products sold on the websites of the Third-Party platforms, and to dissuade others from doing business with Plaintiff and were calculated to otherwise interfere with Plaintiff's business relationships.

99.     Defendants' materially false representations were substantial factors in inducing others, including Amazon.com, to not have business dealings with Plaintiff.

100.     Defendants made (and/or caused to be made) such false communications regarding Plaintiff knowingly, intentionally, in bad faith and motivated solely by

unrestrained self-interest, malice and/or disinterested malevolence, without legal or social justification.

101.    Defendants' willful and intentional misconduct, without Plaintiff's knowledge or consent, irreparably injured and caused damage to Plaintiff in its business reputation.

102.    As a result of Defendants' aforesaid acts and conduct, Plaintiff has been irreparably injured in its business and in its good name and character. Plaintiff's standing in its business has also been seriously impaired.

103.    The false statements affected Plaintiff in its trade, business, and profession. Among other things, prior to Defendant's false statements, Plaintiff was generating substantial revenue, with forecasts for tens of thousands of dollars per month from sales of the Bar Carts on Amazon.com and other Third-Party Platforms. However, Amazon.com took down Plaintiff's Bar Carts, and Plaintiff is no longer generating any revenue from sales of the Bar Carts on Amazon.com.

104.    As discussed in more detail above, at the time they made the false statements to the Third-Party Platforms, Defendants knew that their statements to the Third-Party Platforms were false or were made with reckless disregard for the truth in that Defendants knew that (a) the Bar Carts do not infringe the Asserted Marks; and (b) the Asserted Marks are invalid and subject to cancellation based at least on functionality, non-use, and fraud.

105.    Defendants' statements were not mere statements of opinion.

106.    Plaintiff is entitled to damages in excess of $100,000.

107. Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in further knowing acts of trade libel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. Adjudging that Plaintiff has not infringed and is not infringing the Asserted Marks;

B. Adjudging that the Asserted Marks are invalid and subject to cancellation;

C. Adjudging that no false designation of origin exists;

D. Awarding a permanent injunction enjoining Defendants and their affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendants from interfering with Plaintiff's business;

E. Issuing a judgment declaring that Defendants and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any of the Asserted Marks or from instituting or initiating any action or proceeding alleging infringement of any of the Asserted Marks against Plaintiff;

F. Ordering that Defendants immediately rescind all allegations of infringement of the Asserted Marks and related claims from Third Party Platforms;

G. Awarding Plaintiff monetary and any other damages for tortious interference;

H.     Awarding Plaintiff monetary and any other damages, including punitive damages, for trade libel;

I.     Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

J.     Ordering that Defendants pay all fees, expenses, and costs associated with this action; and

K.     Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims and issues so triable.

By: /Andrew D. Bochner/
      Andrew D. Bochner, Esq.
      Bochner IP
      295 Madison Avenue, 12th Floor
      New York, New York 10017
      (646) 971-0685

      Attorney(s) for Plaintiff